UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ELIZABETH WILLIAMS,

                         Plaintiff,

      -against-

NATIONAL RAILROAD PASSENGER
CORPORATION,

                         Defendant.
----------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

22-CV-4781

Plaintiff, **ELIZABETH WILLIAMS**, complaining of defendant, by her attorneys, **LAW OFFICE OF PHILIP P. VOGT PLLC**, respectfully shows to this Court and alleges, upon information and belief:

**PRELIMINARY STATEMENT**

Plaintiff, ELIZABETH WILLIAMS, an employee of the defendant, NATIONAL RAILROAD PASSENGER CORPORATION, was injured in the course of her employment for the defendant on December 3, 2019, at the defendant's Sunnyside Yard by reason of its failure to provide her with a safe work place.

**JURISDICTION AND VENUE**

    **FIRST:** This action arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

1

**SECOND**: The place of the occurrence of December 3, 2019, giving rise to this action is located in Queens County in the State of New York.

### THE PARTIES

**THIRD**: The plaintiff, ELIZABETH WILLIAMS, is a resident of Orange, New Jersey, and at all times hereinafter mentioned was employed by the defendant, NATIONAL RAILROAD PASSENGER CORPORATION, as a Coach Cleaner in the Sunnyside Yard.

**FOURTH**: At all times herein mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION (herein referred to as "AMTRAK") was a corporation organized and existing by virtue of an act of Congress 45 U.S.C. §501 *et seq*. At all relevant times, the Federal Government owned and still owns, more than fifty percent of the capital stock.

**FIFTH**: At all times herein mentioned, the defendant, AMTRAK, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

### AS AND FOR A FIRST CAUSE OF ACTION

**SIXTH**: On **December 3, 2019,** and for some time prior thereto, plaintiff, ELIZABETH WILLIAMS, was in the employ of the defendant AMTRAK, in the capacity of a Coach Cleaner.

2

**SEVENTH**: On the date aforesaid, plaintiff was working in Sunnyside Yard, which railroad yard is located in Sunnyside, Queens, New York, which was owned by defendant.

**EIGHTH**: On the date aforesaid, plaintiff was working at the place of the occurrence herein operated by defendant.

**NINTH**: On the date aforesaid, plaintiff was working at the place of the occurrence herein controlled by defendant.

**TENTH**: On the date aforesaid, while plaintiff was walking upon the walkway adjacent to Track 36 in the defendant's Sunnyside Yard, she was caused slip and fall upon ice upon the said walkway and to land on the left side of her body, causing her to be hurt and injured all because of the negligence of defendant, its agents, servants and/or employees, and she thereby sustained severe and painful injuries.

**ELEVENTH**: Plaintiff's duties generally in defendant AMTRAK's, employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH**: At the time of the said occurrence, plaintiff was engaged in duties for defendant AMTRAK in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH**: Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its

agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad yard in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with a safe and secure path to use when moving about within Sunnyside Yard; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to her; in negligently instructing the plaintiff to traverse the yard using this path

4

which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and dangerous condition; in failing to warn plaintiff of the dangers associated with the prescribed path within the yard; in failing to warn plaintiff of the dangers associated with the path she was directed to traverse; in causing, allowing, suffering and or permitting there to be a slipping hazard on the walking path designated for the plaintiff to use to traverse within Sunnyside Yard; in causing, allowing, suffering and or permitting said walkway to remain in the dark when it was more difficult to see the slipping hazard upon the walkway which increased the danger of falling; in violating its own safety rules and regulations and accustomed practice in the industry; in failing to protect fellow employees; in failing to make sure employees were familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work practices; in failing to assess the work area for hazards and the need for remedy; in failing to protect this dangerous path with signs, barricades or ropes; in causing, allowing, suffering and or permitting there to be and remain a slipping hazard (ice) upon the walkway; in failing to remove the slipping hazard; in failing to treat the walkway to prevent the formation of the slipping hazard; in

5

failing to create a safe work environment; in failing to keep the work area clean, orderly and free of unprotected hazards; in failing to warn of unsafe conditions; in failing to post any warnings, signs or signals at the premises warning employees, and more particularly the plaintiff herein, of the said dangerous and hazardous conditions; in failing to give the plaintiff any warnings or signals of the dangerous conditions which existed; in allowing the area to be, become and remain in a dangerous condition; in failing to timely and safely remedy the dangerous condition; in causing, permitting and allowing a nuisance to be, become and remain at the subject location; in failing to abate a nuisance; in allowing the said walkway to remain in a defective, dangerous and hazardous condition; in causing, permitting and allowing the aforementioned area to be in a dangerous and hazardous condition for a period of time in which it had notice and knowledge, actual and/or constructive of the condition; in causing and permitting the area to exist in a dangerous and hazardous condition so that pedestrians, and plaintiff in particular, were liable to slip and/or fall; in failing to make the area safe for people to traverse and plaintiff in particular; in allowing the area to be, become and remain unsafe; in failing to timely shovel, sweep and/or apply salt or sand to said area so as to keep it free of water/snow/ice/slush; in causing, allowing, suffering and or

6

permitting the melting and refreezing of the snow adjacent to the walkway upon it; in failing to properly maintain and inspect the aforesaid location when the defendant knew or should have known that same was in a defective and/or dangerous condition; in failing to take precautions to prevent the accident herein; in causing, permitting and allowing water to collect and pool on the walkway; in causing, permitting and allowing said water to freeze on the walkway; in causing, permitting and allowing said icy condition to remain on said walkway; in allowing the said walkway to be and remain covered by ice thus causing a dangerous and hazardous condition; in causing and allowing said ice to form; in failing to remove said ice from the surface of said walkway after a reasonable time to do so had passed; in failing to provide to plaintiff and others a safe path with which to traverse said walkway; in failing to observe and correct or instruct the plaintiff; in failing to warn and continuously observe and supervise the work; in failing to instruct the plaintiff about the potential hazard; in failing to inspect the work site for dangerous conditions and take action to prevent harm; in failing to remedy the hazards; in violating 49 CFR Section 213.233 in failing to perform proper and adequate track inspections; 29 CFR Sections 1910.22(a)(1) in failing to keep the walkway in a clean, orderly, and sanitary condition; 1910.22(a)(3) in failing to keep the walkway free of snow and

7

ice; 1910.22(c) in failing to provide a safe path to walk upon in the railroad yard; 1910.22(d)(1) in failing to ensure that the walkway was inspected regularly and as necessary and maintained in a safe condition; 1910.22(d)(2) in failing to remedy the slipping hazard before plaintiff traversed the walkway or to guard it until the hazards could be repaired; 1926.20(b)(2) in failing to perform frequent and regular inspection of the walkway performed by competent persons; 1926.20(b)(3) in permitting the walkway and board to be used when it was in an unsafe and hazardous condition; 1926.21(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions.

**FOURTEENTH**:  Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH**:  By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which she otherwise would have earned; has been compelled to spend sums of money and incur

liability for medical treatment and medicine, and will incur such expenses in the future.

**SIXTEENTH:** By reason of the premises, plaintiff has been damaged in a sum which exceeds the minimum jurisdictional requirements of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION

**SEVENTEENTH:** Plaintiff, ELIZABETH WILLIAMS, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "SIXTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**EIGHTEENTH:** That the defendant's violation of the aforesaid sections of 49 CFR Part 213, and 29 CFR Parts 1910 and 1926 constitutes negligence *per se*.

**NINETEENTH:** That the aforesaid sections of 49 CFR Part 213, and 29 CFR Parts 1910 and 1926 are the type of statute referred to in 45 U.S.C. Section 53 and 54a and pursuant to 45 U.S.C. Sections 53 and 54a the defense of comparative negligence is unavailable to the defendant in this case.

**TWENTIETH:** Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff ELIZABETH WILLIAMS hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action.

Dated: New York, New York
       August 15, 2022

                                    Respectfully submitted,

                                    LAW OFFICE OF PHILIP P VOGT PLLC
                                    Attorneys for Plaintiff

                                    By _____
                                    PHILIP P. VOGT - PV0377
                                    5 Penn Plaza - 23rd Floor
                                    New York, New York 10001
                                    212-835-1640
                                    PhilipPVogt@PVogtlaw.com

10